# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ARACHELI MENA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, *et al.*,<br><br>　　　　Defendants. | CV 18-01875 TJH (SHKx)<br><br>Order<br><br>JS-6 |

　　　The Court has considered Plaintiff Aracheli Mena's motion for remand, together with the moving and opposing papers.

　　　Mena, a citizen of California, was an employee of Defendant Wells Fargo Bank, National Association ["Wells Fargo"], a citizen of South Dakota. One of Mena's supervisors was Defendant Wendy Cordova, a citizen of California. From July 30, 2016, to August 28, 2016, Mena took a medical leave. On October 28, 2016, Mena began another medical leave relating to her pregnancy. Mena avers that, during her leave, Cordova – who was aware of Mena's physical and mental condition – *inter alia*, harassed Mena about her work, lied to Mena regarding her branch office closing, and boxed Mena's personal belongings and forced her to pick them up from the branch.

Mena alleged that when she went to pick up her belongings, only her belongings were boxed, and that by forcing her to come in to pick up her belongings when no other employee's belongings were packed, Cordova made it appear to others that Mena had been fired.

In October, 2017, Mena was terminated by Wells Fargo for, according to Wells Fargo, failing to provide medical documentation to support her need for ongoing leave.

On August 6, 2018, Mena filed a complaint in the Superior Court of California, Riverside, alleging, *inter alia*, that Wells Fargo discriminated and retaliated against her in violation of the Fair Employment and Housing Act, Cal. Gov't Code § 12900, *et seq*. ["FEHA"]. Mena's singular claim against Cordova is intentional infliction of emotional distress. On September 4, 2018, Wells Fargo removed based on diversity jurisdiction, arguing that diversity existed because Mena could not state a claim of intentional infliction of emotional distress against Cordova and, thus, Cordova was a sham defendant fraudulently joined.

Mena, now, moves to remand.

Whether the Court has jurisdiction over this matter turns on whether the parties are completely diverse. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Wells Fargo contends that the parties are completely diverse because Cordova, the only non-diverse defendant, was fraudulently joined and, therefore, the Court may disregard her citizenship. *See Grancare*, 889 F.3d at 548.

Fraudulent joinder exists where, *inter alia*, the plaintiff is unable to establish a claim against the non-diverse party. *Grancare*, 889 F.3d at 548. As the party raising fraudulent joinder in support of its removal, Wells Fargo must establish, by clear and convincing evidence, that Mena cannot maintain an intentional infliction of emotional distress claim against Cordova. *See Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Wells Fargo argued that Mena's intentional infliction of emotional distress claim is foreclosed by California's worker's compensation scheme, Cal. Lab. Code § 3200,

*et seq.* Recently, the California Court of Appeal, Fourth District, held that intentional infliction of emotional distress claims related to FEHA discrimination or retaliation are not foreclosed by California's worker's compensation scheme. *Light v. Dept. of Parks and Rec.*, 14 Cal. App. 5th. 75, 100-101 (2017). Thus, pursuant to *Light*, Mena's claim against Cordova is not foreclosed.

    Wells Fargo, also, argued that Mena is unable to maintain a claim for intentional infliction of emotional distress because she cannot establish that Cordova engaged in extreme and outrageous conduct toward her because, *inter alia*, Cordova's actions constituted personnel management activity. *See Light*, 14 Cal. App. 5th at 101. At this juncture, whether Mena can establish an essential element of her claim is not the proper inquiry – that is an issue for the factfinder. Indeed, even if Mena's allegations would not survive a Fed. R. Civ. P. 12(b)(6) motion, they are sufficient to establish that Cordova was properly joined. *See Grancare*, 889 F.3d at 549.

    Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion to remand be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉.

Date: December 19, 2018

                                                               _____
                                                               𝕿𝖊𝖗𝖗𝖞 𝕵. 𝕳𝖆𝖙𝖙𝖊𝖗, 𝕵𝖗.
                                                   𝕾𝖊𝖓𝖎𝖔𝖗 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕵𝖚𝖉𝖌𝖊